IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,993-01






EX PARTE ROLAND DAVID CASAREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 
CAUSE NO. B-04-2003-0-CR-B IN THE 156TH DISTRICT COURT 

BEE COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus transmitted to this Court pursuant
to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the
offenses of burglary of a habitation and aggravated robbery, and he was sentenced to
confinement for five years and ten years, respectively. Applicant's appeal was dismissed.
Casarez v. State, No. 13-04-00675-CR (Tex. App.--Corpus Christi, delivered March 3,
2005, no pet.). 

 Applicant contends that trial counsel was ineffective for advising Applicant that the
terms of his plea agreement in cause number B-03-2094-0-CR-B would not affect his prior
notice of appeal in an unrelated case. On March 1, 2006, this Court remanded the application
and instructed the trial court to make findings of fact as to whether counsel was ineffective.
On remand, after reviewing the record, the trial court concluded that counsel was not
ineffective and recommended denying relief. We believe, however, that the trial court's
findings are not sufficient to completely resolve the issues presented. We believe that it is not
clear from the record what advice Applicant received from counsel regarding his plea
agreement. Therefore, it is this Court's opinion that additional facts need to be developed and
because this Court cannot hear evidence, the trial court is the appropriate forum. The trial
court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that
it may order an affidavit from counsel or a hearing.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel advised Applicant that his plea agreement in cause number B-03-2094-0-CR-B to withdraw notice of appeal in cause number B-04-2003-0-CR-B would not
be binding unless Applicant filed a motion to withdraw notice of appeal. If the trial court
determines that counsel said this to Applicant, the trial court shall make findings of fact as
to whether counsel was ineffective. The trial court shall also make any further findings of
fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 24 DAY OF May, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.